THEATRES COMPANY OF BOSTON *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

Suffolk.   December 14, 1928. — May 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle; In use of way. *Evidence,* Relevancy and materiality. *Practice, Civil,* Exceptions.

A marquee, hung from the front of a building and extending over the sidewalk, bore a sign, the bottom of which was about nine feet above the level of the sidewalk and projected into the travelled way five inches beyond the line of the curb. The sign or marquee was struck and damaged by the top of a van, seven and one half feet wide and eleven feet high, which was being drawn by a motor vehicle in the street. The body of the van did not overhang the wheels at the sides. The nearest wheel was parallel to the curb and not less than ten inches from it. There was considerable traffic in the street, and the driver of the motor vehicle, which was proceeding at a moderate pace, was watching the traffic, the pedestrians and a traffic officer nearby. He knew of the presence of the marquee and sign but did not realize that they were in such a position that the van would strike them. A judge, hearing without a jury an action of tort by the owner of the sign and marquee against the owner of the van, found for the defendant. *Held,* that

(1) The finding was warranted: a finding of negligence on the part of the driver of the vehicle was not required;

(2) In view of the finding, an exception to the exclusion of evidence offered by the plaintiff on the question of the validity of his license to maintain the marquee and sign became immaterial and was overruled.

TORT. Writ dated May 29, 1924.

In the Superior Court the action was heard without a jury by *Keating*, J., upon an agreed statement of facts, material portions of which, together with evidence offered by the plaintiff and excluded by the judge, are stated in the opinion. The judge found for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*J. A. Brackett & A. E. McCleary*, for the plaintiff.

*A. M. Pinkham*, for the defendant.

WAIT, J. This case is before us upon a report from the judge who heard it sitting without a jury in the Superior Court. He found for the defendant; and the report stipulates that if he was warranted upon the evidence in finding for the defendant, judgment is to be entered on his finding; otherwise judgment is to be entered for the plaintiff in a sum stated. The evidence consisted of a statement of agreed facts and a further statement of evidence which was excluded by the judge against the plaintiff's exception. Both are appended to the report.

The evidence would support findings that a van owned by the defendant, drawn by a motor driven by its servant on its business, struck and injured electric signs and the marquee on which they were placed extending over the sidewalk of Tremont Street in Boston, and attached to a building belonging to the plaintiff. No contention is made that the driver was wilful or wanton in his conduct. The trailing van was seven and one half feet in extreme width, and eleven feet in height. Its body did not overhang the wheels on either side. It was being drawn, northward, along Tremont Street with its right hand wheel distant not less than ten to twelve inches from the curb and parallel with the curb. To its left were a line of automobiles parked next to the further curb; two lines of vehicles going southerly on Tremont Street;

and a policeman, standing between the lines and directing the traffic. The driver, proceeding at a moderate speed, obeyed the officer's signal to go on, kept well to the right in order to pass him, and was watching the officer, the traffic and pedestrians who were in the street. He knew that the plaintiff's marquee and signs were at hand, but did not know nor realize that they were in such a position that the trailer would hit them. The marquee hung from the building suspended at its outer end by chains fastened to the wall. It extended over the sidewalk to within three inches of the perpendicular plane of the outer edge of the curb. The signs upon it extended eight inches further, and thus projected five inches beyond the line of the curb into the way travelled by vehicles. The lowest part of the marquee was nine feet above the level of the sidewalk, and the lowest part of the signs was nine feet and eight inches above that line. The top of the trailer struck some portion of the marquee or signs near the southerly corner, and broke canopy, signs, bolts and chains; but stopped within five feet from the point of contact and supported the front end of the marquee and signs until they were shored up and tractor and trailer could proceed. Driver, tractor and trailer were properly licensed and registered.

There is nothing in this evidence, which, as matter of law, required a finding of negligence of the driver. If he had known that the marquee with its signs projected into the travelled way, it might well be thought that he was not negligent in failing to observe his exact relation to them when occupied with so much else to look out for. He was so far from the curb that he had five or six inches clear space in which to pass, unless some sudden slip or jolt, not to be anticipated, threw the top of his trailer against the overhanging obstruction. *St. Germain* v. *Fall River,* 177 Mass. 550. The finding for the defendant was warranted by the evidence.

It is not necessary to consider the question of the plaintiff's right to maintain the projecting marquee and signs. The evidence excluded related only to the validity of the plaintiff's license to maintain them, and is immaterial if the defendant was not responsible for negligence. The plaintiff,

assuming it were not in fault itself, could not recover without proof of negligent action by the defendant's servant.

It follows that entry must be made

*Judgment for the defendant.*